IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEA ANN COVEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-01262-CV-W-ODS ) |
| WAL-MART STORES EAST, L.P., | ) ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending is Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment. Doc. #49. As explained below, the Court finds that there are genuine disputes of material facts. Accordingly, the Court denies Defendant's motion for summary judgment.

## I. BACKGROUND[1]

Defendant owns and operates a Walmart store in Richmond, Missouri. On December 17, 2015, Plaintiff went to this store for groceries. Plaintiff testified the ground was wet when she got out of her car and walked into Walmart, and it was also raining when she left the store. Upon exiting the store, Plaintiff pushed a shopping cart toward her vehicle.

As Plaintiff approached her vehicle, she noticed a pool of water had formed around a low and uneven grade around a landscaping island. Plaintiff walked around the edge of the pool of water, but then "hit something slick" with her right foot, slipped, and fell on her back. Doc. #50-1, at 10. While on her back, Plaintiff looked around and

---

[1] The following facts are taken from the parties' briefs and exhibits, without further quotation or attribution unless otherwise noted. These facts are either uncontroverted by the parties or deemed uncontroverted by the Court. Only those facts necessary to resolve the Motion are discussed below, and those facts are simplified to the extent possible. Any citation to a page number refers to the pagination automatically generated by CM/ECF.

saw that it was "shiny on the edge" of the pool of water. Doc. #51-4, at 4.[2] Plaintiff alleges her fall resulted in injuries and medical expenses.

On September 7, 2016, Plaintiff filed this negligence suit against Defendant. Plaintiff contends Defendant failed to keep the parking lot in a reasonably safe condition. Specifically, Plaintiff alleges that "[d]ue to the uneven grade of the parking lot, and unknown to Plaintiff, water had pooled in a low area of the parking lot and formed ice." Doc. #15, at 2. Plaintiff alleges in part that Defendant "failed to use ordinary care to remove the ice, to barricade around the ice, and to warn of the ice[.]" Doc. #15, at 3.

Defendant now moves for summary judgment. Defendant argues any ice or water accumulation was caused by natural weather conditions, and it had no duty to remove the accumulation. Doc. #50, at 4-6; *See, e.g.*, *Alexander v. Am. Lodging, Inc.*, 786 S.W.2d 599, 601 (Mo. Ct. App. 1990) (recognizing that "invitors...are not required to remove snow or ice which accumulates naturally and is a condition general to the community."). Defendant also argues it did not assume any duty through action or otherwise. Doc. #50, at 6-7. Plaintiff argues her claim is based on the defective construction of Defendant's parking lot, not existing weather conditions, and genuine disputes of material facts remain. Doc. #51, at 1-2.

## II. STANDARDS

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v.*

---

[2] Plaintiff testified that she believed she slipped on ice (Doc. #51-4, at 6), and she did not know whether she slipped on water or ice. Doc. #50-1, at 13. Any inconsistency with this testimony is not a basis to grant summary judgment in favor of Defendant, but may provide a basis to impeach Plaintiff at trial.

2

*Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"To prove a negligence claim[], Plaintiff has to establish the existence of a duty, a breach of that duty, and damages caused by that breach. The existence of a duty is purely a question of law." *Paikowsky v. Davidson Hotel Co.*, No. 08CV783, 2010 WL 2628379, at * 4 (E.D. Mo. June 25, 2010); *see also Hansen v. Ritter*, 375 S.W.3d 201, 208 (Mo. Ct. App. 2012). Pertinent to this case, "an owner or occupier of private property generally has no duty to remove snow or ice that has accumulated naturally on outside areas as a result of general conditions within the community." *Wilson v. Siegel-Robert, Inc.*, No. 10-CV-56, 2011 WL 4857866, at * 2 (E.D. Mo. Oct. 13, 2011). "To hold that a duty exists to make a parking lot safe as precipitation falls from the sky would be to create a duty which would be virtually impossible to perform." *Milford v. May Dep't Stores Co.*, 761 S.W.2d 231, 232 (Mo. Ct. App. 1988).

A landowner may, however, have a duty to make an area safe if it "artificially creates, through negligence or affirmative action, a condition that makes passage unsafe." *Cooper v. Capital Invest., LLC*, 204 S.W.3d 331, 335 (Mo. Ct. App. 2006). Additionally, once a landowner attempts to remove naturally accumulating snow or ice, case law imposes "a duty to exercise ordinary care to remove the snow and ice to make the common area reasonably safe." *Alexander*, 786 S.W.2d at 601; *see also Gorman v. Wal-Mart Stores, Inc.*, 19 S.W.3d 725, 732 (Mo. Ct. App. 2000).

### III. DISCUSSION

After reviewing the record, the Court finds Defendant's arguments in support of summary judgment are not supported by the record. In opposing Defendant's motion,

Plaintiff states "Defendant attempts to frame Plaintiff's claim as a claim for 'then-existing weather conditions.' Defendant mischaracterizes Plaintiff's claim. Plaintiff's claim is defendant negligently allowed a structural defect in its south parking lot to exist which allowed water to pool, creating a dangerous winter ice hazard. Defendant knew or should have known of this dangerous condition in time to remove, barricade or warn of the danger." Doc. #51, at 14-15.

Plaintiff presents sufficient evidence to support her structural defect claim. In particular, "the testimonies of [Wilber] McCoy, the store's general manager, and cart-pushers [Jacob] Koelzer and [Tristan] Wallace, [arguably] establish the condition of the south parking lot had not changed in the several months before and the several months after the Incident. Those facts lay a sufficient foundation for a jury to infer the flooding in the low spot around the landscaping island occurring after the Incident 'pretty much every time it rained' or 'there was a decent rain' (PSAMF at ¶¶ 38 and 47), also occurred on many occasions before the Incident and Wal Mart was negligent in failing to remedy, barricade or warn of the dangerous condition before Plaintiff was injured." Doc. #51, at 18. For similar reasons, the Court agrees with Plaintiff that a jury could also find that "the ice located at the location of the pooled water around the landscaping island was not a condition general to the community[.]" Doc. #51, at 23; *Smith v. The Callaway Bank*, 359 S.W.3d 545, 547 (Mo. Ct. App. 2012) ("Whether a defendant's conduct falls short of the standard of care is generally a question of fact for the jury."). Accordingly, the Court denies Defendant's motion for summary judgment.

Defendant also argues summary judgment is warranted because Plaintiff was required, but failed, to identify an expert witness. This argument is not supported by the applicable facts and law. The facts of this case are not complex or technical, and a jury can easily resolve Plaintiff's claim without the assistance of an expert. *Parra v. Bldg. Erection Serv.*, 982 S.W.2d 278, 285 (Mo. Ct. App. 1998) ("[E]xpert testimony is not required when the fact finder has been given enough information to be able to evaluate the facts of a case.") (internal quotes omitted).

## IV. CONCLUSION

For the above reasons, the Court denies Defendant's motion for summary judgment. Consistent with the discussion above, Plaintiff will be limited to its structural defect theory at trial, and may not characterize Defendant's alleged negligence as a failure to remove snow or ice that accumulated naturally in the parking lot.

IT IS SO ORDERED.

DATE: October 3, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT