IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEA ANN COVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-01262-CV-W-ODS |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE, AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE**

Pending are Defendant's Motions in Limine (Doc. #80), and Plaintiff's Motions in Limine (Doc. #79). Parties are reminded these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial that justifies a change in the Court's interlocutory ruling.

## Defendant's Motions in Limine

### A. Defendant's Financial Condition, History, Size, and Corporate Structure

Defendant seeks to exclude evidence or testimony regarding its "financial condition, history, size or corporate structure." Plaintiff does not oppose the motion. Accordingly, the motion is granted.

### B. Defendant's Insurance Policy

Defendant seeks to exclude evidence of its insurance liability policy because this evidence is inadmissible under Missouri law. Plaintiff does not oppose the motion. Accordingly, the motion is granted.

### C. Evidence and Witnesses Not Disclosed During Discovery

Defendant seeks to exclude evidence and witnesses not disclosed during discovery. Plaintiff does not anticipate presenting evidence not disclosed in discovery except to the extent she may present summaries of information contained in documents, subparts of items produced in discovery, and any evidence and witnesses that be may presented in rebuttal. Pursuant to Federal Rule of Civil Procedure 37(c), evidence and witnesses not disclosed during discovery will be excluded at trial. Accordingly, the motion is granted.

### D. Expert Witnesses Not Identified

Defendant seeks to exclude testimony from any expert witness who was not properly identified. More specifically, Defendant seeks to exclude any testimony from Plaintiff's treating physicians establishing Plaintiff is entitled to relief for future medical care or treatment, or future costs. Defendant argues this is appropriate because Plaintiff did not designate a retained expert to opine on these subjects. While Plaintiff does not intend to call a retained expert at trial, Plaintiff opposes the motion to the extent Defendant seeks to preclude treating physicians from testifying about Plaintiff's physical condition before and after the incident.

Neither party may introduce testimony from an expert witness not properly identified during discovery. However, Plaintiff's treating physicians may testify about Plaintiff's care, and her medical condition prior to and after the incident. Accordingly, the motion is granted in part, and denied in part.

### E. Medical and Billing Records

Defendant seeks to exclude any medical or billing records not properly disclosed during discovery. Plaintiff believes all medical and billing records were produced. Pursuant to Federal Rule of Civil Procedure 37(c), evidence not disclosed during discovery will be excluded at trial. Accordingly, the motion is granted.

### F. Defendant's Policies, Procedures, and Training

Defendant seeks to exclude evidence of its policies, procedures, and training that are not relevant to this matter. Plaintiff does not intend to offer irrelevant policies and procedures, but opposes the motion to the extent she has identified what she characterizes as relevant policies and procedures. Plaintiff identifies Defendant's "Slip, Trip, and Fall Guidelines," "Department of Safety Solutions," and "Safety Toolkit" as relevant policies and procedures.

The Court finds the policies and procedures identified above are relevant in this matter. Accordingly, the motion is granted in part, and denied in part. Plaintiff may present evidence of the three policies and procedures identified above, but may not introduce other policies and procedures.

### G. Evidence of Other Incidents or Claims

Defendant seeks to exclude evidence about any previous incidents, claims, or lawsuits involving Defendant. Plaintiff does not oppose the motion. Accordingly, the motion is granted.

### H. Settlement Negotiations

Defendant seeks to exclude evidence about settlement negotiations between the parties or Defendant's claims handler. Plaintiff does not oppose the motion. Accordingly, the motion is granted.

### I. Plaintiff's Family

Defendant seeks to exclude evidence or testimony from or about any potential losses or injury suffered by Plaintiff's husband or her children as a result of her fall. Plaintiff does not oppose the motion. Accordingly, the motion is granted.

### J. Parking Lot Conditions After Plaintiff's Fall

Defendant seeks to exclude evidence or testimony about the condition of the parking lot after Plaintiff's incident, any incidents in the parking lot after Plaintiff's incident, and any construction work performed on Defendant's parking lot after Plaintiff's

incident. Plaintiff opposes the motion in two parts. First, Plaintiff argues incidents in which water pooled around the landscape island where Plaintiff fell are relevant to show the likelihood of pre-incident flooding, and the nature and extent of the structural defect in the parking lot. Plaintiff also argues a 2017 drain installation at the "exact location" she fell is relevant to show water pooling was a "long-standing and known defect" in the parking lot. Second, Plaintiff argues the 2017 drain installation was not a subsequent remedial measure because the work was not done in response to Plaintiff's incident.

Federal Rule of Evidence 407 provides "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove...negligence.... But the Court may admit this evidence for another purpose, such as impeachment or - if disputed - proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. Evidence of the condition of the parking lot prior to and for a brief period of time following Plaintiff's fall is admissible because it is relevant and probative. However, evidence of the installation of a drain in the parking lot in 2017 is a subsequent remedial measure that is inadmissible under Rule 407, and Plaintiff has not demonstrated another purpose for which the evidence should be admissible. Plaintiff also argues remedial measures planned prior to an incident are admissible under Rule 407, but cites no facts indicating the remodel or construction work on the parking lot was planned prior to Plaintiff's December 17, 2015 incident. Accordingly, the motion is granted in part, and denied in part.

### K. Defendant's Withdrawn Expert Witness

Defendant seeks to exclude evidence or testimony about its withdrawn expert witness or the cell phone download of Plaintiff's phone performed by the withdrawn expert witness. Plaintiff does not oppose the motion "as long as [Defendant] is not going to argue or suggest Plaintiff was on her cell phone at the time of the fall." The motion is granted.

### L. Future Medical Expenses

Defendant seeks to exclude testimony or argument from Plaintiff establishing she is entitled to future medical expenses because Plaintiff did not identify an expert to opine on this subject. Plaintiff opposes the motion because her Amended Complaint indicates she may require future medical care, and her treating physicians can testify "to a reasonable degree of medical certainty" about Plaintiff's future medical care.

Plaintiff's treating physicians may testify about Plaintiff's care and medical condition prior to and after the incident, and may testify as to future medical care Plaintiff may receive if the treating physician can testify with a reasonable degree of certainty as to what that care entails. The motion is denied.

### M. Photographs, Videos, or Images Taken After Plaintiff's Fall

Defendant seeks to exclude any photographs, videos, or images taken after the incident of the area where Plaintiff fell because these items are not relevant. Plaintiff opposes the motion and categorizes photos she wishes to show the jury into two groups: (1) photos taken the day after the incident by Defendant's employee and Plaintiff's husband, and (2) photos taken "at later times" showing repeated incidents of water pooling around the landscape island where Plaintiff fell.

Plaintiff may present photographs by Defendant's employee and Plaintiff's husband taken the day after Plaintiff's fall. This evidence is relevant and close in time to Plaintiff's fall. The Court will admonish the jury to make no inference from the existence of orange cones placed in the area immediately after Plaintiff's fall. However, photographs taken one year following Plaintiff's fall, and other photographs taken outside a brief period after Plaintiff's fall, are inadmissible because these photographs do not show the scene close in time to Plaintiff's fall. Accordingly, the motion is granted in part, and denied in part.

### N. Putting Ice Melt on the Fall Area

Defendant seeks to exclude evidence that it put ice melt down in the area of Plaintiff's fall after the incident because it is inadmissible as a subsequent remedial measure. Plaintiff opposes the motion, arguing an exception to the subsequent

remedial measures doctrine applies because putting down ice melt shows the condition of the site at the time of the incident.

As discussed above, the Court will permit photographs taken the day following Plaintiff's fall to show the scene of the incident, but will give a limiting instruction regarding Defendant's use of orange cones to alert others to proceed with caution. Those same photographs also show Defendant spread ice melt in the area after the incident. Use of ice melt may be admissible as an exception to the subsequent remedial measures doctrine because it is evidence "of the condition of the accident site at the time of the fall." *Hefele v. Nat'l Super Mkts., Inc.*, 748 S.W.2d 800, 803 (Mo. Ct. App. 1988). The Court will permit these photographs and a brief identification of the ice melt spread on the site of Plaintiff's fall, but will give a limiting instruction indicating the jury is not to consider the spreading of ice melt for any purpose except to show the condition of the scene of Plaintiff's fall. Accordingly, the motion is denied consistent with this Order.

## **Plaintiff's Motions in Limine**
### **A. Plaintiff's Medications**

Plaintiff seeks to exclude any evidence or testimony about whether Plaintiff's medications were the cause of her fall. Plaintiff notes Defendant did not identify an expert witness in this matter, and argues any evidence or testimony about Plaintiff's use of Percocet and/or Adderall would be speculative and inadmissible. Defendant argues Plaintiff's medications and prescriptions, due to pre-existing conditions, are admissible to show her condition pre- and post-incident. Defendant also wishes to question Plaintiff and her treating physicians about the amount and effect of medications Plaintiff was taking.

The motion is granted in part, and denied in part. Defendant may present evidence of Plaintiff's prescriptions to show her condition pre- and post-incident. However, absent evidence that Plaintiff was abusing her medications, Defendant may not argue Plaintiff's ingestion of Percocet and/or Adderall was the cause of her fall.

### B. Others at Fault

Plaintiff seeks to exclude argument or evidence that Plaintiff's fall was the fault of anyone other than Plaintiff or Defendant. Defendant does not oppose the motion. According, the motion is granted.

### C. Intervening or Superseding Cause

Plaintiff seeks to exclude argument and testimony that Plaintiff's fall was caused by any intervening or superseding cause other than rain. Defendant does not oppose the motion. Accordingly, the motion is granted.

### D. Mitigation

Plaintiff seeks to exclude evidence or testimony that Plaintiff failed to mitigate her damages. Defendant does not oppose the motion. Accordingly, the motion is granted.

### E. Health Insurance Payments

Pursuant to the collateral source rule, Plaintiff seeks to exclude evidence of the source of any payments for Plaintiff's medical bills. Defendant does not intend to discuss the source of payments, but does intend to inform the jury of the amount paid to satisfy Plaintiff's medical bills. Defendant cites a newly amended version of section 490.715(5) of the Missouri Revised Statutes to argue Plaintiff is limited to presenting evidence only of her actual costs. Plaintiff argues this amended statute, if applicable to this case, does not preclude evidence of the charged amounts of her medical bills.

Consistent with the collateral source rule, the parties will not be able to discuss the source of payments made to satisfy Plaintiff's medical bills. Regarding the damages issue raised by the parties, the Court notes Plaintiff is seeking actual damages in this matter. To the extent Plaintiff's medical bills have been satisfied prior to trial, the parties may not present evidence of the charged amounts of those bills that were not paid in full due to write-offs or other reductions. If Plaintiff has unpaid medical bills that have not been reduced prior to trial, Plaintiff may present the charged amount of those bills as evidence of her actual damages. The motion is granted in part, and denied in part, consistent with this Order.

### F. Plaintiff's Attorney's Fees

Plaintiff seeks to exclude argument indicating Plaintiff's attorney has a contingency fee or interest in the recovery in this matter. Defendant does not oppose the motion. Accordingly, the motion is granted.

### G. Burden of Proof

Plaintiff seeks to exclude argument that Plaintiff bears the sole burden of proof at trial because Defendant bears the burden of proving its affirmative defenses. Defendant opposes the motion because Plaintiff has the sole burden of proving the elements of her negligence claim. Defendant agrees it bears the burden of proof on any affirmative defenses it may pursue.

The burden of proving negligence rests on the party asserting it, and the party asserting any affirmative defenses bears the burden of proof on that particular defense. *DeLong Plumbing Two, Inc. v. 3050 N. Kenwood LLC*, 304 S.W.3d 784, 789 (Mo. Ct. App. 2010) (citations omitted). The Court will instruct the jury consistent with this rule of law. The motion is denied.

### H. Tax Consequences of a Verdict for Plaintiff

Plaintiff seeks to exclude evidence or argument about the tax consequences of any judgment or award in Plaintiff's favor. Defendant does not oppose the motion. Accordingly, the motion is granted.

### I. Lottery or Gambling References

Plaintiff seeks to exclude any references comparing Plaintiff's lawsuit to the lottery or gambling. Defendant does not oppose the motion. Accordingly, the motion is granted.

IT IS SO ORDERED.

DATE: December 18, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT