IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEA ANN COVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-01262-CV-W-ODS |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION

Pending is Plaintiff's motion for reconsideration of the Court's ruling on Defendant's Motion in Limine J. Docs. #96, at 3-4; #100.

## I. DEFENDANT'S MOTION IN LIMINE J

Defendant's Motion in Limine J sought to exclude "any argument or evidence of the conditions of, incidents and/or construction work occurring on any area of the parking lot after the date of her incident." Doc. #80, at 12-13. Defendant focused its argument on precluding "evidence of work done after" Plaintiff's fall, arguing that evidence would be inadmissible as a subsequent remedial measure. *Id.* at 12. Plaintiff opposed the motion by dividing Defendant's motion into what she considered two parts: (1) evidence of post-incident flooding and pooling of water in the area where Plaintiff fell, and (2) evidence of an April 2017 drain installation in the area where Plaintiff fell. Doc. #85, at 6-10. Defendant's reply again focused on evidence related to the April 2017 drain installation as inadmissible under the subsequent remedial measures doctrine. Doc. #96, at 6-7. The Court understood the parties' focus to be on whether evidence of the April 2017 drain installation would be admissible.

In considering the motion, the Court examined two groups of photographs of the area where Plaintiff fell. The first group of photographs was those taken one day after Plaintiff's fall by one of Defendant's employees and Plaintiff's husband. Docs. #85-4; #85-8. The second group of photographs was those taken one year after Plaintiff's fall. Doc. #85-9. Each photograph, in both groups, contained evidence of subsequent

remedial measures in the form of orange cones, cautionary tape, and ice melt placed by Defendant to alert the public to the potential danger of that area in the parking lot. Recognizing the need to have evidence showing the scene of Plaintiff's fall, the Court sought to allow evidence of the parking lot one day after Plaintiff's fall, but sought to exclude other evidence too remote in time from Plaintiff's fall which did not show the scene as it was when Plaintiff fell. In ruling on the motion, the Court stated, "[e]vidence of the condition of the parking lot prior to and for a brief period of time following Plaintiff's fall is admissible because it is relevant and probative. However, evidence of the installation of a drain in the parking lot in 2017 is a subsequent remedial measure that is inadmissible under Rule 407...." Doc. #100, at 4.

## II. PLAINTIFF'S MOTION TO RECONSIDER

During the December 18, 2017, pre-trial conference with the Court, Plaintiff's counsel sought clarification of what a "brief period of time" entailed. Given its review of the two groups of photographs and remedial measures arguments on the motion in limine, the Court responded by indicating evidence of the scene from "just a few days" afterwards would be admissible. Plaintiff filed a motion to reconsider the Court's ruling on Defendant's Motion in Limine J.

Plaintiff's motion to reconsider is "only directed to the issue of evidence or testimony about the condition of the parking lot after Plaintiff's incident." Doc. #100, at 1. Plaintiff does not direct the Court to specific pieces of evidence, but refers to the Court's summary judgment order in which the Court recited Plaintiff's evidence supporting her structural defect claim (Doc. #66, at 4). The relevant section of the Court's summary judgment order cited deposition testimony from Defendant's employees about the absence of changes in the condition of the parking lot in the several months prior to and after Plaintiff's fall. Defendant opposes the motion to reconsider by arguing evidence of the condition of the parking lot after Plaintiff's fall is properly limited to a short period of time, such as the few days suggested by the Court during the pre-trial conference. Doc. #101.

The issue of the condition of the parking lot, either one day or several months after Plaintiff's fall, is separate from the subsequent remedial measures issue presented in

Defendant's Motion in Limine J.  Nonetheless, the Court understands the parties' confusion and now clarifies its ruling.

The Court denies Plaintiff's motion to the extent Plaintiff is seeking to admit evidence or testimony about the condition of the parking lot that is too remote in time from Plaintiff's fall and includes evidence of subsequent remedial measures.  This is consistent with the Court's Order on Defendant's Motion in Limine M, which permitted photographs of the scene taken one day after Plaintiff's fall, but ruled photographs taken one year later were inadmissible.  Doc. #96, at 5.

The Court grants Plaintiff's motion to the extent the Court's prior order and statement at the pre-trial conference were understood to exclude evidence about the condition of the parking lot after Plaintiff's fall beyond "just a few days."  Testimony of a condition at a certain point in time after an incident will be admitted to show the condition of the scene at the time of the incident if the testimony is not about the condition at a time too remote from the incident, and a proper foundation is laid showing there has been no change in the condition since the incident.  *See Liebow v. Jones Store Co.*, 303 S.W.2d 660, 665 (Mo. banc 1957).  The Court will permit, with a proper foundation laid by persons having knowledge of the condition of the parking lot when Plaintiff fell, evidence establishing the condition of the parking lot did not change in the several months after Plaintiff's fall.  There is no bright line rule regarding what length of time may be deemed "too remote."  Based upon its understanding of the evidence likely to be offered at trial, the Court will admit evidence of the condition of the parking lot in the several months prior to and after Plaintiff's fall (i.e., the first few months of 2016).  Depending upon the nature of the evidence, and upon Defendant's request, an appropriate limiting instruction may be given concerning the uses for which the evidence may and/or may not be used.  Accordingly, the Court denies in part and grants in part Plaintiff's motion to reconsider consistent with this order and the Court's prior order on the parties' motions in limine.

IT IS SO ORDERED.

DATE: January 10, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT