IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEA ANN COVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-01262-CV-W-ODS |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MOTION TO QUASH
## PLAINTIFF'S TRIAL SUBPOENA

Pending is Defendant's motion to quash Plaintiff's trial subpoena of witness Christopher Miller. Doc. #126. Plaintiff opposes the motion. Doc. #127. The Court originally announced its intention to take up this matter on the first day of trial. However, the parties have briefed the issue, and it seems appropriate to decide it now to enable the parties to marshal their witnesses.

Defendant seeks to quash Plaintiff's trial subpoena of Miller, an employee of Defendant, because Miller "should not be forced to testify given his medical conditions," and testifying at trial could create stress that could exacerbate Miller's condition. Doc. #126, at 1. Miller's medical conditions include a reduced cognitive ability,[1] "stress-induced seizures," and Bell's palsy. Although Miller did not witness Plaintiff's fall in Defendant's parking lot, he completed a witness statement chronicling the events that occurred after Plaintiff told him she fell in the parking lot. Miller has not been deposed in this matter, but Plaintiff subpoenaed him to testify at trial because "Miller has information that goes to the heart of Plaintiff's claims." Doc. #127, at 6.

The Court is required to quash or modify a subpoena that "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). To determine whether a subpoena imposes an undue burden, the Court balances the relevance of the testimony sought

---

[1] Miller's former treating physician, Dr. Tiffany Blythe, characterizes Plaintiff as having "mental retardation." *See generally*, Doc. #126-3 (deposition of Dr. Tiffany Blythe).

and the requesting party's need for that testimony against the potential hardship to the party subject to the subpoena. *Tyler v. Rahe*, No. 08-00129-CV-W-DW, 2014 WL 1875257, at *1 (W.D. Mo. May 9, 2014) (citations omitted). The burden of proving the subpoena poses an undue burden rests with the party moving to quash, and is a "heavy one." *Id.* (citation omitted).

The Court has thoroughly reviewed the parties' briefs and exhibits. Regarding the potential hardship of testifying at trial on Miller, the Court does not take lightly Miller's medical conditions. Miller's former physician, Dr. Tiffany Blythe, testified that Miller could suffer a seizure if called to testify at a deposition or trial, and stated her belief that testifying could be a danger to Miller given his past diagnosis of Bell's palsy. Defendant and Dr. Blythe repeatedly emphasize the stress Miller would face if called as a witness as the primary reason to quash Plaintiff's trial subpoena.

Regarding the relevance and Plaintiff's need for Miller's testimony, Plaintiff argues Miller has "information that goes to the heart of Plaintiff's claims." Doc. #127, at 6. It appears Miller was the first person to interact with Plaintiff after her fall and the first employee of Defendant to whom Plaintiff reported her fall. Deposition testimony indicates it was Miller who alerted co-workers to the incident in the parking lot. Miller's witness statement, dated one day after Plaintiff's fall, indicates Miller was part of a group of Defendant's employees who responded to the scene and Plaintiff's needs. Additionally, Miller's statement indicates he has first-hand knowledge of the scene, and may speak to Plaintiff's physical condition immediately after the fall as he notes, "[Plaintiff] looked hurt." Doc. #126-3. While Defendant asserts Miller's witness statement is sufficient and it does not oppose admission of the statement at trial, the statement is brief and without much detail.

While the Court is sensitive to Miller's medical condition, the Court finds the relevance and Plaintiff's need for Miller's testimony at trial outweighs the potential hardship placed on Miller by requiring him to testify at trial. Dr. Blythe did not diagnose him as having a seizure disorder, but instead based her opinion on the existence of medical records from Miller's childhood, nor did Dr. Blythe prescribe medication for a seizure disorder while treating Miller. Dr. Blythe's testimony reveals Miller has not had a seizure in approximately two decades, and Dr. Blythe does not know the last time Miller

had a seizure.  Although Miller had Bell's palsy in October 2016, there is no indication he currently suffers from Bell's palsy.  Furthermore, Dr. Blythe testified that stress does not induce Bell's palsy, only that symptoms, should they exist, may be worsened by stress.

Defendant has not carried its heavy burden to show Plaintiff's trial subpoena poses an undue burden on its employee who has personal knowledge of the incident in question.  Miller has relevant testimony, and Plaintiff has demonstrated a need to have his testimony presented to the jury.  The Court does not expect Miller's testimony to be lengthy, and will work with counsel to minimize the burden and stress faced as a result of him being called to testify.  The Court notes Miller is listed as a witness Plaintiff expects to call in her case in chief.  The Court expects the parties to confer and agree on a general time and date at which Miller should be present and ready to testify.  Defendant's motion to quash Plaintiff's trial subpoena is denied.

IT IS SO ORDERED.

DATE: February 2, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT