IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEA ANN COVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-01262-CV-W-ODS |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

## **ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

Pending is Plaintiff's motion for a new trial. Doc. #145. At trial, the jury returned a verdict finding Plaintiff 65% at fault and Defendant 35% at fault in this comparative fault negligence case involving a slip and fall in Defendant's parking lot. Doc. #142. The jury found the total amount of Plaintiff's damages to be $94,000.00. *Id.* For the reasons below, the Court denies Plaintiff's motion for a new trial.

### **I. STANDARD**

Rule 59(a) provides that the court may grant a new trial on some or all of the issues after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A new trial under Rule 59 "is warranted when the outcome is against the great weight of the evidence so as to constitute a miscarriage of justice." *Bank of Am., N.A., v. JB Hanna LLC,* 766 F.3d 841, 851 (8th Cir. 2014). In making this determination, the court relies on its own reading of the evidence, including weighing the evidence and evaluating the witnesses' credibility. *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 459 (8th Cir. 2016). Where the moving party complains about an evidentiary ruling, the court must determine whether the "ruling was so prejudicial as to require a new trial which would be likely to produce a different result." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1058-59 (8th Cir. 2005).

## II. DISCUSSION

Plaintiff moves for a new trial because the Court excluded evidence and testimony about a cracked and unpainted part of the landscaping curb next to the area of Plaintiff's slip and fall. Plaintiff contends the Court's ruling was a reversal of its pre-trial ruling to admit evidence of relevant policies and procedures of Defendant, prevented Plaintiff from proving Defendant knew or should have known about the unsafe condition of its parking lot, and precluded Plaintiff from impeaching Defendant's witnesses on the issue of "safety sweeps" taken to ensure the parking lot was safe for Defendant's customers.

Plaintiff's allegation throughout the case was Defendant negligently permitted "water [to] pool[] in a low area of the parking lot and form[] ice." Doc. #15, at 2. The jury heard extensive testimony from Defendant's managers and employees about the existence, or non-existence, of a low spot in Defendant's parking lot in which water pooled and formed ice. Although the low spot in which water pooled was the central issue, Plaintiff argues she was unable to effectively impeach Defendant's witnesses because she was unable to inquire whether the cracked and unpainted curb was recognized as a safety concern in the parking lot.

Contrary to Plaintiff's suggestion, the Court did not reverse its prior motion in limine ruling finding Defendant's policies and procedures were relevant.[1] The Court permitted limited questioning about whether policies and procedures were followed, and whether a low spot where water pooled was noticed. Doubtlessly, Defendant has scores of policies unrelated to the existence of water pooling in the parking lot. Just as those policies would be irrelevant to the core issue here, so is the existence of an unpainted, cracked curb. Fed. R. Civ. P. 401. (relevant evidence has a "tendency to make a fact more or less probable than it would be without the evidence; and...the fact is of consequence in determining the action.). The Court did not permit Plaintiff to use Defendant's policies and procedures to pursue a line of questioning about the cracked and unpainted curb that, in the Court's view, would confuse or mislead the jury on the

---

[1] The specific policies and procedures found relevant in the Court's motion in limine ruling were Defendant's "Slip, Trip, and Fall Guidelines," "Department of Safety Solutions," and "Safety Toolkit." Doc. #96, at 3. The opening paragraph of the Order reminds the parties the rulings to follow are interlocutory in nature.

central issue of whether Defendant negligently allowed water to pool in a low spot and form ice.  *See* Fed. R. Evid. 403 ("The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:...confusing the issues, misleading the jury....").  As the Court noted, the existence of the cracked and unpainted curb does not establish causation in this negligence case, and questions about it in connection with whether Defendant's policies and procedures were followed would have confused the issue of causation and misled the jury.

Contrary to her argument, Plaintiff's attorney extensively questioned Defendant's managers and employees about whether and how each performed a "safety sweep," and whether a low spot or pooled water was ever noted or reported.  The jury was shown multiple photographs of the scene of Plaintiff's fall, and heard Plaintiff's testimony about the condition of the parking lot on the evening she fell.  After evaluating all of the evidence, the jury assessed a percentage of fault to Plaintiff and Defendant.  This outcome was not against the great weight of the evidence.  Plaintiff has not met her burden to show the Court's "ruling was so prejudicial as to require a new trial which would be likely to produce a different result."  *Moses.com Sec.*, 406 F.3d at 1058-59.

### III.  CONCLUSION

The Court denies Plaintiff's motion for a new trial.


IT IS SO ORDERED.


DATE: March 15, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3