IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEA ANN COVEY, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 16-01262-CV-W-ODS |
| WAL-MART STORES EAST, L.P., | ) |
|         Defendant. | ) |

## ORDER AND OPINION GRANTING IN PART PLAINTIFF'S BILL OF COSTS

Pending is Plaintiff's Bill of Costs. Doc. #146. Plaintiff seeks reimbursement for $5,447.77.

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In this comparative fault negligence case, the jury found Plaintiff 65% at fault and Defendant 35% at fault. Doc. #144. Defendant argues Plaintiff is not a prevailing party because the jury apportioned a greater percentage of fault to Plaintiff than to Defendant, and therefore, the Court should not allow Plaintiff to recover her costs.

A prevailing party is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Firefighters' Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) (quoting *Black's Law Dictionary* 1145 (7th ed. 1999)). Here, Defendant denied liability for Plaintiff's accident, but the jury apportioned 35% of fault to Defendant. Regardless of the total amount of damages or Plaintiff's net award, Plaintiff is a prevailing party because judgment was entered against Defendant.

Alternatively, Defendant argues a reduction in costs consistent with the jury's finding of fault is appropriate. In awarding costs, "the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citations omitted). Missouri law permits a reduction in costs according to the percentage of fault assessed in a comparative fault negligence case. *Moore v. Cordes*, 19 S.W.3d 168, 169-70 (Mo. Ct. App. 2000) (citation omitted).

Additionally, the Eighth Circuit finds assessment of costs according to the percentage of fault is not an abuse of discretion. *Christopherson v. Deere & Co.*, 941 F.2d 692, 696 n.9 (8th Cir. 1991). The Court will reduce Plaintiff's costs according to the percentages of fault assessed by the jury.

Defendant further objects to some of the costs Plaintiff seeks to recover. The Court finds Plaintiff's costs are reasonable, necessarily obtained for use in the case, and recoverable under 28 U.S.C. § 1920 (providing categories of costs that may be recovered). Reducing the award by 65%, the amount the jury found Plaintiff at fault, the Court grants in part Plaintiff's Bill of Costs and awards Plaintiff costs in the amount of $1,906.72.

IT IS SO ORDERED.

DATE: March 15, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT